UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL McKILLOP,

    Petitioner,

    v.                            CAUSE NO.: 3:19-CV-422-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

James Michael McKillop, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for attempted murder under Case No. 79D02-1809-F1-8. Following a jury trial, on December 28, 2018, the Tippecanoe Superior Court sentenced him as a habitual offender to fifty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on

> direct appeal of his conviction or in post-conviction proceedings. This
> means that the petitioner must raise the issue at each and every level in
> the state court system, including levels at which review is discretionary
> rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

In the petition, McKillop indicates that he has initiated direct appeal but has not yet received a decision and that he has not initiated State post-conviction relief proceedings. *See also McKillop v. State*, Case No. 19A-CR-152, available at http://mycase.in.gov. Therefore, he has not exhausted his State court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice, and McKillop may file another habeas case after exhausting his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Because McKillop's direct appeal remains pending, the one-year limitations period for federal habeas review has not begun to accrue. *See* 28 U.S.C. § 2244(d)(1)(A). Dismissing this case will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner

2

must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) WAIVES the filing fee;

(3) DENIES James Michael McKillop a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on June 6, 2019

      /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT